{¶ 93} As to the first assignment of error, although a determination of reasonable attorney fees is not an "exact science," it is patently obvious that the overwhelming majority of time and advocacy devoted to this case is related to "water quality" issues at the trailer park. This is the crux of this lengthy litigation and appellant did, in fact, prevail on that issue.
 {¶ 94} Just as significant is the fact that this case can hardly be characterized as routine. Discovery was protracted, it has required evaluation of highly specialized plans and has necessitated ongoing monitoring. The reduction made by the magistrate and trial judge can only be characterized as drastic.
 {¶ 95} The trial court's judgment does not clearly set forth the basis for its decision regarding the amount awarded. An arbitrary elimination of multiple billings on one line of plaintiffs counsel's ledger is unreasonable. It is not entirely clear precisely what factors the court considered and the weight, if any, placed on individual factors such as (1 ) time and labor required, (2) novelty and difficulty of questions presented, (3) skill needed to provide service properly, (4) experience, reputation and ability of attorney(s), and (5) nature and length of professional relationship with clientele. Hutchinson v. J.C. Penney Cas.Insur. Co. (1985), 17 Ohio St.3d 195, 47 N.E.2d 1000. Without this analysis, it is impossible to conduct a meaningful review of this dramatic reduction in attorney fees requested. Although the trial court apparently considered and admitted appellee's attorney's bill, (Exhibit B), which was significantly less, reasonable attorney's fees for the prevailing party should not be limited or adjudged by the time spent by the attorney for the losing party.
 {¶ 96} I would sustain the first assignment of error and reverse and remand for further proceedings.
 {¶ 97} As to the second and third assignments of error, I would sustain each for the reasons I articulated in prior dissents in two earlier decisions, Employees of Chateau Estates Resident Assn. v.Chateau Estates, Ltd., Clark App. No. 2006-CA-25 and 2005-CA-02, 2005-CA-05 and 2005-CA-33.
 {¶ 98} The fourth assignment of error regarding deposit of attorney's fees with the clerk of courts would be rendered moot by a reversal and remand consistent with my view on the first assignment of error.
 {¶ 99} Lastly, I concur in the majority's resolution of the fifth assignment of error.